UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RKJ HOTEL MANAGEMENT, LLC, )
                       Appellant, )    Case No.: 2:22-cv-01022-GMN
vs. )
                                      )    **ORDER**
RSS WFCM2020-C55 – MI RHM, LLC, *et al.*, )
                       Appellee. )

       Pending before the Court is RKJ Hotel Management, LLC's ("Appellant's") Emergency Motion for Stay Pending Appeal of the Bankruptcy Court's Order, (ECF No. 1-3). Appellees RSS WFCM2020-C55 – MI RHM, LLC, *et al.* (collectively, "Defendants") filed a Response, (ECF No. 48), to which Appellant filed a Reply, (ECF No. 53).

       For the reasons discussed below, the Court **DENIES** Appellant's Emergency Motion for Stay Pending Appeal.

**I.      BACKGROUND[1]**

       This matter arises from a bankruptcy appeal of an Order of the United States Bankruptcy Court for the District of Nevada, denying confirmation of Appellant's Second Amended Plan of Reorganization and denying Appellant's Motion to Correct the Written Transcript and the Court's Findings of Fact. Appellant is the owner of the Delta Hotel Detroit Metro Airport (the "Hotel"). (*See* Emergency Mot. to Stay ("MTS") ¶ 4, ECF No. 1-3). On January 14, 2020, Appellant entered into a loan agreement with Rialto Mortgage Finance, LLC ("Rialto"), under which Rialto loaned Appellant $20,500,000; Rialto then assigned the loan to Appellee RSS WFCM2020-C55 – MI RHM, LLC ("Appellee RSS"). (*See id.* ¶¶ 6–9, 16). Appellant later ceased operation of the Hotel because of the COVID-19 pandemic. (*See id.* ¶¶ 10–14).

---

[1] The Court takes judicial notice of the Bankruptcy Court docket under Fed. R. Evid. 201.

Unsatisfied with the closure, Appellee RSS demanded Appellant agree to appointing a receiver to operate the Hotel. (*Id.* ¶ 15). When Appellant refused, Appellee RSS filed a Complaint in Michigan state court, alleging claims of breach of contract, among others. (*Id.* ¶ 16). Appellee RSS moved the Michigan court to appoint a receiver, which the court granted; the receiver, however, did not take possession of the Hotel. (*See id.* ¶ 17). The case was later removed to Michigan federal court. (*See id.* ¶ 22).

On February 9, 2021, Appellant filed a petition for relief under Chapter 11 in the United States Bankruptcy Court for the District of Nevada, triggering an automatic stay under 11 U.S.C. § 362(a). (*See id.* ¶¶ 1, 20); (Decl. Jeff Katofsky Support MTS ¶ 29, ECF No. 1-3). On March 15, 2021, Appellant resumed operation of the Hotel, with mixed results. (*See* MTS ¶¶ 23–24). On September 28, 2021, Appellant RSS filed a motion for relief from stay under 11 U.S.C. § 362(d)(2), which the Bankruptcy Court granted. (*See id.* ¶¶ 26, 29). On March 11, 2022, Appellant filed a Second Amended Plan of Reorganization (the "Plan"); after reviewing the pleadings, exhibits, witness testimony, and hearing oral arguments over four days of evidentiary hearings, the Bankruptcy Court denied Appellant's Plan. (*See id.* ¶¶ 30–35). Thereafter, despite Appellant's objections, the Bankruptcy Court entered Appellee RSS's proposed order. (*See id.* ¶¶ 36–37). Appellant appealed the Order, (s*ee generally* Notice Appeal, ECF No. 1), and moved the Bankruptcy Court to stay pending its appeal, which the Bankruptcy Court granted in part and denied in part. (MTS ¶¶ 38, 40–41).

Appellant filed the instant Emergency Motion to Stay the Case pending the appeal of the Bankruptcy Court's Order denying confirmation of Appellant's Plan. (*See generally* MTS). Appellees filed a Response, opposing a stay. (*See generally* Resp. MTS, ECF No. 48). Appellant filed a Reply. (*See generally* Reply, ECF No. 53).

///

///

## II. LEGAL STANDARD

Pursuant to Federal Rule of Bankruptcy Procedure 8007(e), this Court may grant a stay of an order issued by the Bankruptcy Court pending appeal to protect the rights of parties in interest. To obtain a stay pending appeal, Appellant must demonstrate that: (1) she is likely to succeed on the merits of the appeal; (2) she will suffer irreparable injury; (3) no substantial harm will come to appellees if the stay is granted; and (4) the stay will do no harm to the public interest. *See, e.g.*, *In re Wymer*, 5 B.R. 802, 806 (B.A.P. 9th Cir.1980) (citing *Schwartz v. Covington*, 341 F.2d 537 (9th Cir.1965)). "The first factor under [*Wymer*] is the most important—likely success on the merits." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). In addition, this type of relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (explaining that a preliminary injunction, requesting a similar form of relief as a stay pending the appeal of a bankruptcy court order, is an extraordinary remedy requiring the movant to clearly show she is entitled to such relief).

## III. DISCUSSION

The Court, having considered the appeal, the parties' briefs, supporting declarations, accompanying exhibits, and relevant proceedings and papers filed below, finds that Appellant does not satisfy the *Wymer* factors. The Court begins its discussion with Appellant's likelihood of success on the merits.

### A. Likelihood of Success of the Merits

When reviewing a bankruptcy court decision, the district court "functions as an appellate court" and "applies the same standards of review as a federal court of appeals." *In re Crystal Properties, Ltd., L.P.*, 268 F.3d 743, 755 (9th Cir. 2001). While the Court reviews the bankruptcy court's conclusions of law de novo, the standard of review for its factual findings depend on whether the underlying proceeding is "core" or "non-core." *See In re Thorpe*

*Insulation Co.*, 677 F.3d 869, 879 (9th Cir. 2012). When the bankruptcy court is engaged in a "core proceeding," its decision is final and its factual findings are reviewed for clear error. *In re Harri*s, 590 F.3d 730, 736 (9th Cir. 2009). If the bankruptcy court adjudicates a "non-core" matter, it can only make "proposed findings of fact and law" that a district court must review de novo. *Id.* at 736–37. Because confirmation of a reorganization plan is a "core" proceeding, the bankruptcy court's findings of fact are reviewed for clear error. *Fireman's Fund Ins. Co. v. Plant Insulation Co. (In re Plant Insulation Co.)*, 734 F.3d 900, 908 (9th Cir. 2013).

Here, having reviewed the Bankruptcy Court's Order denying Appellant's Plan, as well as the transcript of the Bankruptcy Court's hearings related to its decision about Appellant's Plan, the Court finds that Appellant has not shown a likelihood of success on the merits of its appeal, particularly because the reasoning of the Bankruptcy Court does not appear to show clear error. As to Appellant's first argument, *In re Johnston*, 21 F.3d 323, 327 (9th Cir. 1994), *as amended* (May 6, 1994), provides bankruptcy court judges broad discretion to classify claims under 11 U.S.C. § 1122(a). Further, *In re Loop 76*, LLC, 465 B.R. 525 (B.A.P. 9th Cir. 2012), does not prohibit the Bankruptcy Court from considering collectability, but merely questioned whether collectability should be considered in dicta.

Second, the Bankruptcy Court did not require Appellant to prove the separately classified creditor will be successful in litigation against the secondary source of payment, but that collectability is pertinent to its analysis. Appellant simply did not meet its burden below. Third and fourth, Appellant misinterprets the Bankruptcy Court because the court does not convey that Appellant had to prove the separately classified creditor's claim "will be paid in full" by the secondary source. Fifth, the Bankruptcy Court stated that even if Mr. Katofsky stated that he was solvent, this amounted to a conclusory statement that would not satisfy Appellant's burden below. Sixth, the Bankruptcy Court did not clearly err in ruling that Appellant failed to meet its burden that there was a meaningful secondary source of recovery

because Mr. Katofky's financial statement, Appellee's suit against Mr. Katofsky, and Mr. Katofsky's testimony regarding the value of the guaranty does not show Appellee could collect from Mr. Katofsky.  Seventh, Appellant waived its ability to make this argument because it failed to raise it with the Bankruptcy Court and does not argue why an exception should apply.[2] *See Enewally v. Wash. Mut. Bank (In re Enewally)*, 368 F.3d 1165, 1173 (9th Cir. 2004) (holding that an appellant "waived any objection to the bankruptcy court's valuation by failing to contest it before the bankruptcy court").  Finally, Appellant also waived its argument regarding 11 U.S.C. 105(b) because it did not raise it below.[3] *See id.*  Thus, Appellant failed to demonstrate that the Bankruptcy Court clearly erred in denying its Plan.  Accordingly, Appellant does not show a likelihood of success on the merits.

### B.  Remaining *Wymer* Factors

As explained above, Appellant's Emergency Motion fails because it does not demonstrate a likelihood of success on the merits.  Appellant's inability to meet the first *Wymer* factor critically undermines its Emergency Motion for Stay. *Garcia*, 786 F.3d at 740 ("Because it is a threshold inquiry, when 'a plaintiff has failed to show the likelihood of success on the merits, we "need not consider the remaining three [*Wymer* factors].""").  Thus, the Court denies Appellant's Emergency Motion for Stay Pending Appeal of the Bankruptcy Court's Order.

///

///

///

///

///

---

[2] Even if Appellant had not waived this argument, it did not appeal the Bankruptcy Court's Stay Relief Order, and the deadline to do so has passed. *See* Fed. R. Bk. P. 8002.

[3] Even if Appellant had not waived this argument, it fails.  § 105(b) prohibits bankruptcy courts from appointing a receiver.  However, the Bankruptcy Court did not appoint a receiver; instead, it was the Michigan State Court.

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that Appellant's Emergency Motion for Stay Pending Appeal of the Bankruptcy Court's Order, (ECF No. 1-3), is **DENIED**.

Dated this  24  day of July, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT